**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 96-20450
(Summary Calender)

_____


CHERYL ROWE,

                                        Plaintiff-Appellant,


JOEL D. MALLORY, JR.

                                        Appellant,


                        versus


CSC CREDIT SERVICES, INC.,
ET AL.

                                        Defendants,


LEE FISCHER & ASSOCIATES, INC.,

                                        Defendant-Appellee.

_____

Appeal From the United States District Court
for the Southern District of Texas (Houston Division)
(No. 94-1178)
_____

February 19, 1997

Before HIGGINBOTHAM, WIENER, and BENAVIDES, Circuit Judges.



1

PER CURIAM:[*]

This is an appeal from the district court's grant of summary judgment in favor of Defendant-Appellee Lee Fischer & Associates, Inc. (Fischer) on Plaintiff-Appellant Cheryl Anne Rowe's claims of defamation, invasion of privacy, and tortious interference with prospective contractual relations <u>and</u> from the district court's final order that Fischer recover from plaintiff's counsel, Joel D. Mallory, Jr.[1] and the Webster Law Firm, jointly and severally, the sum of $19,467.70, together with post-judgment interest at the rate of 5.25% per annum, as sanctions for violations of Rule 11 of the Federal Rules of Civil Procedure. The district court assessed these Rule 11 sanctions after determining that Mallory and the Webster Law Firm asserted claims against Fischer in plaintiff's Original Complaint, plaintiff's First Amended Complaint, and plaintiff's Second Amended Complaint, without having conducted reasonable inquiries as to whether Fischer was a proper party to this action.[2]

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

[1] We noted that Mallory had not indicated his state bar roll number below his signature on the brief he submitted in this appeal, even though he had done so on the Notice of Appeal and in the pleadings he submitted in the district court. We therefore inquired with the Texas State Bar Association as to Mallory's status and learned that he is presently under administrative suspension for non-payment of dues and occupational tax.

[2] The assessment of Rule 11 sanctions against Mallory and his firm originates in United States Magistrate Judge Nancy K.

The Notice of Appeal states that plaintiff Rowe "files an appeal from all summary judgment orders entered against her in favor of . . . Lee Fischer and Associates, Inc." Neither Rowe nor Mallory, however, set forth any basis to overturn the district court's order in their Appellants' Brief. Accordingly, this court determines that these issues have been waived and will not be considered. Mallory himself, however, asserts that the district court abused its discretion in assessing Rule 11 sanctions against him and his law firm.

In conducting our de novo review, we carefully evaluated the record on appeal, the arguments of counsel for both parties as set forth in their respective briefs to this court, and the applicable law, and we have come to the firm conclusion that the district court correctly analyzed the issues, applied the appropriate law, and reached the correct result in assessing Rule 11 sanctions against Mallory. We therefore affirm in all respects the district court's final judgment for the reasons expressed in its thorough, articulate, and well reasoned Memorandum and Order dated November 27, 1996.

AFFIRMED.

---

Johnson's order granting Fischer's motion for sanctions. The district court treated the magistrate judge's order as a memorandum and recommendation, treated the appeal filed by Mallory and his law firm as timely-filed objections thereto, and then, after a de novo review of those portions of the order to which they objected, adopted the magistrate judge's memorandum and recommendation in a thorough Memorandum and Order of its own dated February 27, 1996.

3